UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICADO JOSE RUIZ FLORES,

*Petitioner*,

– against –

WARDEN/FACILITY ADMINISTRATOR, DELANEY HALL DETENTION FACILITY; ARTHUR WILSON, Field Office Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States,

*Respondents*.

**MEMORANDUM & ORDER**
26-cv-06696 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On September 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner. Pet. 13, ECF No. 1.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Gov't Letter dated Oct. 7, 2026, ECF No. 7 (noting that as of the filing of the Petition, petitioner had been transferred to MDC). Petitioner, proceeding pro se, now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1–9, 12–13. For the reasons discussed below, the petition is **GRANTED**.

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

## BACKGROUND

Petitioner is allegedly a native and citizen of Venezuela. Resp. 1, ECF No. 13. According to the government, he entered the United States without inspection at or near Ysleta, Texas, in September 2022. Resp. 42. He was apprehended there by Customs and Border Patrol ("CBP") and released two days later on parole. Resp. 42. That parole lapsed on November 15, 2022. Resp. 7.

On September 15, 2026, petitioner was arrested while working as a delivery driver in New York. Pet. 13. Petitioner commenced the instant action on October 6, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. The petition was originally filed in the District of New Jersey, where petitioner had been held for a period of time in the Delany Hall Detention Facility. Pet. 1. However, several days before the petition was filed in that district, petitioner had been transferred to MDC, which is in the Eastern District of New York. *See* Gov't Letter dated Oct. 7, 2026, ECF No. 7. The case was subsequently transferred to that district on October 19, 2026. Transfer Order, ECF No. 8.[2]

On the day the case was transferred, this Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior

[2] In light of this transfer, and given petitioner's pro se status, the petition is deemed amended to name the current warden of MDC and the ICE Field Office Director for New York as the proper respondents, in place of the warden/facility administrator of Delany Hall and Arthur Wilson. *See Berrettini v. Fed. Bureau of Prisons*, No. 09-cv-01505, 2009 WL 1974319, at *3 (S.D.N.Y. July 8, 2009), *report and recommendation adopted*, 2010 WL 882900 (S.D.N.Y. Mar. 11, 2010) (*sua sponte* deeming pro se petitioner's habeas petition caption amended to include petitioner's current custodian).

decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.J.S.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 3.

On October 23, 2026, the government filed a response stating that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A). Resp. 2. The government further argues that "the factual record here places Petitioner outside the ambit of *Barbosa da Cunha*" because *da Cunha* did not address noncitizens who were paroled into the country after being apprehended shortly following their entry without inspection. Resp. 3. Despite that contention, however, the government acknowledges that this Court has previously held that under *da Cunha*, when a noncitizen is released on parole, and that parole later lapses, the noncitizen cannot be subject to mandatory detention under 8 U.S.C. § 1225(b). Resp. 3–4 (citing *Mora Alvarez v. Blanche*, 2026 WL 2295454, at *2 (E.D.N.Y. Aug. 10, 2026) and *R.M.R. v. Genalo*, 2026 WL 2211009 (E.D.N.Y. Jul. 31, 2026)).

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v.*

*Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[3]

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**DISCUSSION**

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Pet. 7–8. The government concedes that this case is not materially distinguishable from this Court's decisions in *Mora Alvarez* and *R.M.R.* Resp. 5.

Accordingly, for the reasons stated in *Mora Alvarez* and *R.M.R.*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[4] *See R.M.R.*, 2026 WL 2211009, at *2–5; *Mora Alvarez*, 2026 WL

---

3 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

4 For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Mora Alvarez* and *R.M.R. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised

2295454, at *2–3; *see also Olivier v. Mullin*, 2026 WL 2350274, at *2 (E.D.N.Y. Aug. 13, 2026); *Rivera Casallos v. Maldonado*, 2026 WL 2267789, at *4–5 (E.D.N.Y. Aug. 6, 2026); *Robles Escalona v. Warden, MDC Brooklyn*, 2026 WL 2018505, at *3 (E.D.N.Y. July 13, 2026).

Moreover, as this Court discussed in *R.M.R.*, respondents' argument that *da Cunha* is distinguishable, Resp. 3, ignores the reality that petitioner here is not "requesting lawful entry into the United States—he is, in fact, already in the country, and has been for multiple years[.]" *R.M.R.*, 2026 WL 2211009, at *3. Like the noncitizen in *da Cunha*, and the Court's prior opinions in *R.M.R.*, *Mora Alvarez*, and others, petitioner here "is . . . no longer seeking admission; he is here." *Robles Escalona*, 2026 WL 2018505, at *3. Thus, Section 1225(b)(2)(A) cannot apply to him. *da Cunha*, 175 F.4th at 74.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on October 28, 2026, certifying his compliance. The Court further orders that petitioner shall not be re-detained

---

by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *2 (E.D.N.Y. Feb. 6, 2026). This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Respondents must serve a copy of this Order on petitioner and provide proof of such service to the Clerk of this Court. Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 26, 2026
Brooklyn, New York